PROTECTION INSURANCE COMPANY *vs.* ISAAC DAVIS.

A. B. made the following contract with a corporation: "For value received, I, A. B., promise to pay to the Protection Insurance Company or their order my second instalment on thirteen shares of the stock of said company, being $325; and the same shall be paid in whole, or from time to time in part, as the same shall be required, within thirty days after demanded, or upon notification of thirty days in any newspaper printed in Hartford. A. B." This contract was guaranteed by C. D. as follows: "In consideration that the Protection Insurance Company accept the within note for the purpose therein mentioned, I, C. D., warrant the payment of the same, according to the tenor thereof, until the expiration of forty-five days after notice is given by me in writing that my responsibility shall no longer continue. C. D." *Held,* that after giving notice to the principal promisor in the manner specified, it was not necessary to give a special notice to the guarantor, within a reasonable time; but that a notice at any time before the institution of an action against him is sufficient, if the guarantor does not show that he has been injured by the delay.

CONTRACT, alleging that Edward L. Davis made a written contract with the plaintiffs, in the following terms: " Hartford,

18th November 1846. For value received, I, Edward L. Davis, promise to pay to the Protection Insurance Company or their order my second instalment on thirteen shares of the stock of said company, being $325; and the same shall be paid in whole, or from time to time in part, as the same shall be required, within thirty days after demanded, or upon notification of thirty days in any newspaper printed at Hartford. E. L. Davis;" that at the same time the defendant, by a written agreement indorsed on the same, guaranteed the performance of the promise of E. L. Davis, in the following terms: "In consideration that the Protection Insurance Company accept the within note for the purpose therein mentioned, I, Isaac Davis, warrant the payment of the same according to the tenor thereof, until the expiration of forty-five days after notice is given by me that my responsibility shall no longer continue. Isaac Davis;" that payment of the whole instalment was duly required to be made at the plaintiffs' office in Hartford on the 19th of October 1854, and notice given by publication made in a Hartford newspaper, and that due notice had been given to the defendant, but neither he nor E. L. Davis had ever paid any part of the amount.

At the trial in the superior court, before *Ames*, J., there was evidence tending to show the circumstances under which the contract and guaranty were executed, and that payment had been required, and notice thereof given by publication in the newspaper, as alleged; but there was no evidence that any notice was given to the defendant, or that he had any knowledge thereof, until July 17th 1860. The judge thereupon ruled that the defendant, in order to be made liable on his guaranty, was entitled, within a reasonable time after the instalment was ordered to be paid, to notice that it had become due from, or was required to be paid by, Edward L. Davis, and that the notice of July 17th 1860 was not within a reasonable time, and that the plaintiffs were not entitled to recover.

A verdict was accordingly returned for the defendant, and the plaintiffs alleged exceptions.

*F. Chamberlin*, (of Connecticut,) for the plaintiffs, cited *New*

*Haven Co. Bank* v. *Mitchell*, 15 Conn. 218 ; *Bushnell* v. *Church* Ib. 416; *Oxford Bank* v. *Haynes*, 8 Pick. 423; *Salisbury* v. *Hale*, 12 Pick. 424; *Babcock* v. *Bryant*, Ib. 133; *Dole* v. *Young*, 24 Pick. 250 ; *Bickford* v. *Gibbs*, 8 Cush. 156 ; *Paige* v. *Parker*, 8 Gray, 211, 215; *Bull* v. *Bliss*, 30 Verm. 127 ; *Union Bank* v. *Coster*, 3 Comst. 213.

*G. F. Hoar & E. B. Stoddard*, for the defendant. Notice to a guarantor is necessary, in order to fix his liability, where there is any uncertainty attaching to the original contract, either as to the time or the amount of the payment, or where any act is to be done by the parties to the original contract, affecting the rights of the guarantor. *Babcock* v. *Bryant*, 12 Pick. 133. *Clark* v. *Remington*, 11 Met. 361. *Paige* v. *Parker*, 8 Gray, 211. *Craft* v. *Isham*, 13 Conn. 28. *Edmondston* v. *Drake*, 5 Pet. 624. *Douglass* v. *Reynolds*, 7 Pet. 113. S. C. 12 Pet. 497. *Adams* v. *Jones*, Ib. 207. *Rhett* v. *Poe*, 2 How. (U. S.) 457. *Louisville Manuf. Co.* v. *Welch*, 10 How. (U. S.) 461. *Peck* v. *Barney*, 13 Verm. 93. *Cooke* v. *Ludlow*, 5 B. & P. 119. *Farwell* v. *Smith*, 12 Pick. 88. This principle is not inconsistent with the doctrine to be deduced from some decisions, that where the guaranty is of a specific existing demand, as by a promissory note, and the guaranty is given upon the note itself, or with reference to and recognition of it, no notice is necessary, because the parties know precisely the amount of the liability. *Lee* v. *Dick*, 10 Pet. 482. *Smith* v. *Ide*, 3 Verm. 301. *Brown* v. *Curtiss*, 2 Comst. 225. *Woodstock Bank* v. *Downer*, 27 Verm. 482.

DEWEY, J. This case clearly does not belong to the class of cases like that of *Craft* v. *Isham*, 13 Conn. 28, and others cited by the defendant, where the guaranty was in the form of a letter of credit, or a promise to guarantee the payment of future sales to be made to a third person. Such guaranties, being prospective and uncertain in amount, or it being doubtful whether the credit will be used at all, may require a notice of their acceptance, or notice of the actual amount sold on the credit thus guaranteed. Nor is it the precise case of a simple guaranty of a specific sum stated, to be paid absolutely at a given day, in which no notice is necessary to the guarantor of the time of

payment, or neglect to pay by the principal, there being no change in his circumstances.

But it presents a case of assumed liability for the act of another, of a precise and definite character, the obligation of the principal being ascertained, and the mode of discharging the same being fully stated in the instrument guaranteed. It was this promise, with these incidents connected with it, that the defendant guaranteed, and "warranted the payment of the same according to the tenor thereof."

It is said, however, that there was an uncertainty as to the time of payment, and that the question whether the money was to be paid in whole, or in several payments, was left uncertain, and that the promise was to be in those respects performed as should be required by the payees, and within thirty days after demand, or upon notification of thirty days in any newspaper printed in Hartford. This is so; and the first question upon this point is, whether notice to the principal in conformity with the terms of the note is a sufficient notice of the time and mode of payment, as respects the guarantor.

Due notice was given to the principal, by giving the notice provided for in the note. Did not the guarantor by the terms of his guaranty, in stipulating for the payment of the note "according to the tenor thereof," become liable, upon the giving of the notice required by the note, as respects the principal? It by no means necessarily follows, in the case of a guaranty of an unascertained liability, that notice to the guarantor of the precise liability, arising from the non-performance of the contract, must, within a reasonable time thereafter, be given, in order to charge him. In *Hammond* v. *Gilmore*, 14 Conn. 479, where such unascertained liability existed on the face of the original contract, it was held to be the duty of the surety to see that the principal performed his contract. It was said that the surety was bound to know what had taken place under such circumstances. In *Bushnell* v. *Church*, 15 Conn. 416, which was a case of like character, it was held that the guarantor was answerable upon notice given to his principal.

The present case seems to us to fall within this principle, and

to require us to hold that it was not necessary to give an early notice, and within such early period as it could reasonably have been done, to charge the guarantor. The notice of the requisition of the whole amount of the note was given in the proper manner, as respects the principal, and, that being the case, no legal necessity existed for giving a personal notice to the defendant within the thirty days, or within the time when it could reasonably have been done, which would not have exceeded the period of thirty days, taking into consideration the residence of the parties, and the facilities for giving notice.

No question arises in the present case as to an actual notice to the defendant that the money due upon the note was called for by the payees, before the institution of this suit. Such notice was given on the 17th of July 1860, and payment thereon refused to be made. If it be said that this notice was many years after the liability accrued, and that the plaintiffs should not recover by reason of laches, the answer is, that the defendant has been in no way damnified by the delay, so far as appears, and the burden is on him to show that he has suffered by the delay. *Wheaton* v. *Wilmarth*, 13 Met. 422. The holder is not to delay giving notice to the guarantor so long as to cause an injury to him from change of circumstances in the principal. But where the guarantor has sustained no loss in consequence of the want of notice to himself, he cannot avail himself of the want of early notice in defence. *Salisbury* v. *Hale*, 12 Pick. 424. The reasonable and just rule, says Parker, C. J., in the case of *Oxford Bank* v. *Haynes*, 8 Pick. 428, is, " the guaranty is discharged only by the joint effect of negligence on the part of the holder, and an actual loss or prejudice to the guarantee [guarantor] in consequence of that negligence."

This verdict, having been returned for the defendant under instructions not sufficiently favorable to the plaintiffs, must be set aside, and a new trial had.